IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-17-0676 |
| LAMONT DEMORY, | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

# MEMORANDUM ORDER

On June 20, 2018, Defendant Lamont Demory ("Defendant" or "Demory") pled guilty to Conspiracy to Distribute and Possession with Intent to Distribute Heroin in violation of 21 U.S.C. § 846. (Indictment, ECF No. 1; Arraignment, ECF No. 56.) This guilty plea was entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure with an agreed sentence of 63 months. On July 26, 2018, this Court sentenced Demory to the agreed 63 months' incarceration. (Judgment, ECF No. 66.) Demory has been in federal custody since June 2018 and is presently incarcerated at FCI Morgantown. (ECF No. 89-3 *SEALED*.) Demory becomes eligible for home confinement beginning June 9, 2021 and is set for release on December 9, 2021. (*Id.*)

On September 1, 2020, Demory filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3585(c)(1)(A) (ECF No. 87). In his filings, Demory argues that he is entitled to compassionate release because his medical conditions have rendered him uniquely susceptible to COVID-19. The Government filed a response in opposition to his Motion on September 16, 2020 (ECF No. 91). Demory filed a Reply on September 21, 2020 (ECF No. 93 *SEALED*), as well as a supplement on December 4, 2020 (ECF No. 96). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6

1

(D. Md. 2018). For the reasons stated herein, Demory's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 87) is GRANTED.

## BACKGROUND

On December 21, 2017, Demory and two other individuals were charged in a three-count Criminal Indictment. (ECF No. 1.) Demory was charged in Count One, Conspiracy to Distribute and Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 846, and Count Two, Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. § 841. (*Id.*) On June 20, 2018, Demory pled guilty to the charge in Count One pursuant to a Plea Agreement and Count Two was dismissed. (Plea Agreement, ECF No. 50; Arraignment, ECF No. 56.)

Under the terms of the Plea Agreement, Demory made certain factual and Guidelines stipulations. As to the facts, Demory stipulated that he conspired to distribute heroin at a residence located at 5604 Grist Avenue in Baltimore City. (ECF No. 50.) Between June 2017 and November 2017, a cooperating source conducted at least six purchases from Demory for a total of 100 grams of controlled substances. (*Id.*) Prior to the sales, Demory went to an apartment complex at 2500 W. Belvedere Drive in Baltimore City, where the visitor log shows Demory visited Co-Defendant Andre Evans in Apartment M8. (*Id.*) For all times relevant to the indictment, Demory kept cutting agents, packaging materials, and controlled substances at Apartment M8, and used the apartment to package drugs for re-sale. (*Id.*) On December 13, 2017, law enforcement executed search warrants at multiple locations and found approximately 100 grams of substances believed to be a mix of cutting agents and heroin, along with a kilo press, four digital scales, and drug packaging materials at

the apartment. (*Id.*) As to the Guidelines, Demory agreed that the base level offense of 24 should be adjusted based on the fact that he maintained a premises for the purpose of packaging and distributing controlled substances as well as his status as an organizer, manager, and supervisor of the drug trafficking organization with which he was involved. (*Id.*) However, the Government also agreed it would not oppose a two-level reduction in his offense level and would move for an additional one-level decrease in recognition of Demory's prompt and affirmative acceptance of personal responsibility for his conduct. (*Id.*)

On July 26, 2018, this Court sentenced Demory to 63 months' incarceration with credit for time served in federal custody since June 20, 2018. (Judgment, ECF No. 66.) Demory has served approximately 30 months of that sentence, and he becomes eligible for release to home confinement on June 9, 2021. ((ECF No. 89-3 *SEALED*.) While incarcerated, Demory has kept a clean disciplinary record and completed the nine-month Residential Drug Abuse Program ("RDAP") in August 2020. (*See* ECF No. 89-3 *SEALED*). Demory is currently incarcerated at FCI Morgantown. (ECF No. 96.)

In early 2020, the COVID-19 pandemic began to spread throughout the United States. *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-05 (D. Md. Mar. 20, 2020). On September 1, 2020, Demory moved for immediate release in light of the pandemic, asserting that his diagnosed heart disease and hypertension make him particularly susceptible to the dangers of COVID-19. (ECF No. 87; ECF No. 89-6 *SEALED*). The Government does not contest that Demory's health makes him particularly vulnerable to complications should he contract COVID-19. (*See* ECF No. 91 at 9.) On Monday November 30, 2020, Demory alerted his

counsel that there was a large COVID-19 outbreak spreading within FCI Morgantown. (ECF No. 96.)  At that time, the BOP website listed that there were three infected staff members and no infected residents, but as of Demory's last filing just a few days later on December 4, 2020, there were seventy-three residents and four staff members listed as actively infected.  (*Id.*)

## ANALYSIS

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison.  Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence.  The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction; that the defendant is no longer a danger to the community; and a finding that a reduction in sentence is consistent with the factors presented in 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13.

As the Government concedes, Demory has satisfied the procedural perquisites for filing the instant motion in federal court by exhausting his administrative remedies as required by the First Step Act. (ECF No. 91 at 9.) On June 8, 2020 he filed a request for a sentence reduction with the warden of FCI Morgantown, which was denied. (*See* ECF No. 89-5 *SEALED*.) As thirty days have elapsed since Demory's request, his motion is properly before this Court. Therefore, this Court must determine whether extraordinary and compelling reasons warrant a reduction; whether Demory is a danger to the community; and whether a reduction is consistent with the factor set forth in 18 U.S.C. § 3553(a).

This Court finds that Demory has shown an extraordinary and compelling reason for a reduction in his sentence. The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). Specifically, the Commission has determined that "extraordinary and compelling reasons" exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least sixty-five years old and has served ten years or 75% of his term of imprisonment; (3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or (4) the BOP determines other circumstances create "extraordinary and compelling reasons" for sentence reduction. U.S.S.G. § 1B1.13 cmt. n.1(A)-(D).

As this Court has repeatedly recognized, "medical conditions which make a defendant uniquely susceptible to complications from COVID-19 create extraordinary and compelling reasons to grant compassionate release pursuant to § 3582(c)(1)(A)." *United*

*States v. Hurtt*, No. JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020). In this case, Demory's underlying medical conditions provide "extraordinary and compelling reasons" for a sentence reduction. Demory has been diagnosed with heart disease and hypertension, both of which are confirmed to potentially increase the risks associated with COVID-19.[1] The Government concedes that this is true. (ECF No. 91 at 9.) This Court is satisfied that Demory has shown an "extraordinary and compelling" reason for release under the first set of circumstances set forth by the Sentencing Commission.

This Court is also satisfied that Demory does not present a danger to his community and that a reduction in his sentence is appropriate in light of the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). To determine whether a defendant poses a danger to the community, this Court must consider a number of factors, including (1) the nature and circumstances of the offense; (2) the weight of the evidence against him; (3) his history and characteristics; and (4) the nature and seriousness of the danger he would pose to others upon his release. *See* 18 U.S.C. § 3142(g). Analysis under 18 U.S.C. § 3553(a) involves consideration of similar factors. Under § 3553(a), the court considers (1) Demory's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among

---

[1] Centers for Disease Control and Prevention, *People Who Need Extra Precautions*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last accessed Dec. 30, 2020).

similarly-situated defendants. *See United States v. Bryant*, CCB-95-0202, 2020 WL 2085471 at *4 (D. Md. Apr. 30, 2020).

An examination of these factors indicates that compassionate release is appropriate. Demory is forty-eight years old, and although he does have four criminal convictions (dating back to 1992, 1993, 2006 and the current offense in 2018), he has lived most of his life devoid of criminal conduct. (*See* PSR, ECF No. 62.) Demory has maintained full-time employment for his entire adult life. (*Id.*) When he was released from prison in 2009, he secured full-time employment as a longshoreman, while also working as a counselor for mentally ill adults. (*Id.*) His supervised release was terminated in 2012, and he alleges that it was the relapse of his own opiate addiction that led him to sporadic involvement with heroin distribution which resulted in his arrest in 2017. (ECF No. 93 *SEALED*.) When he was convicted in 2018, the stipulated facts of his plea agreement did not include any acts of violence. (ECF No. 50.)

While incarcerated, Demory has maintained a clean disciplinary record and made significant rehabilitative efforts, including participation in the Residential Drug Abuse Program ("RDAP"). (*See* ECF No. 89-3 *SEALED*). RDAP is a voluntary, 500-hour, nine-month program of individual and group therapy for federal prisoners with substance abuse problems.[2] As the BOP reports, "[r]esearch findings demonstrate[] that RDAP participants are significantly less likely to recidivate and less likely to relapse to drug use than non-participants."[3] RDAP is authorized by 18 U.S.C. § 3621(e), and under 18 U.S.C.

---

[2] Federal Bureau of Prisons, *Substance Abuse* Treatment, available at https://www.bop.gov/inmates/custody_and_care/substance_abuse_treatment.jsp (last accessed December 30, 2020).
[3] *Id.*

7

§ 3621(e)(2), the BOP may reduce the sentences of RDAP graduates convicted of nonviolent offense by up to one year.

Demory is now eligible for home confinement on June 9, 2021, less than six months from today. (ECF No. 89-3 *SEALED*.) Upon release, he will reside with his wife of twenty-five years, Raeshonda Demory, in their home in Baltimore. (ECF No. 89-4 *SEALED*.) Mrs. Demory reports that they will be able quarantine there safely while she works from home. (*Id.*)

Accordingly, it is HEREBY ORDERED this 30th Day of December 2020, that Defendant Lamont Demory's Emergency Motion for Compassionate Release pursuant to 18 U.S.C. § 3585(c)(1)(A) (ECF No. 87) is GRANTED, subject to the following conditions:

1. Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the Defendant Lamont Demory's term of incarceration is reduced to time served, such that he is to be released from the custody of the Bureau of Prisons as soon as the terms of this Order can be implemented;

2. Prior to his release from custody, the Bureau of Prisons is directed to place the Defendant Lamont Demory in quarantine for a period of 14 days and to evaluate him for the purposes of receiving a medical clearance;

3. Upon the expiration of the 14-day quarantine period and receipt of a medical clearance, the warden of FCI Morgantown shall forthwith release from custody the person of the Defendant, Lamont Demory;

4. Defendant Lamont Demory shall be on supervised release status for a period of three years as ordered in the Judgment & Commitment Order of July 26, 2018 (ECF No. 66);

5. Defendant Lamont Demory shall be released to the custody of his wife, Raeshonda Demory, at her residence in Baltimore, Maryland;

6. While traveling from FCI Morgantown to his residence, Defendant Lamont Demory will isolate himself to the best of his ability. Upon reaching his residence, Defendant Lamont Demory shall observe all applicable stay-at-home orders; and

7. The United States Probation Office will review the conditions of release with Defendant Lamont Demory.

                                                 _____/s/_____

                                                 Richard D. Bennett
                                                 United States District Judge